OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Rebecca Pickett, appeals from a final judgment of the Domestic Relations Division of the Lake County Court of Common Pleas modifying a prior child custody order.
Appellant and appellee, Mark Pickett, were granted a dissolution of their nine-year marriage on June 12, 1995. As part of the dissolution, the parities entered into a shared parenting plan that named appellant the primary custodian and residential parent of the parties' two minor children, Anthony and Logan, and granted appellee reasonable visitation privileges.
On May 9, 2000, appellee filed a motion to modify the shared parenting plan. As grounds for the motion, appellee argued that a substantial change in circumstances had occurred and that modification would be in the best interests of both children.
A magistrate conducted a hearing on February 14, 2001. After considering the evidence, the magistrate issued a fifteen-page decision recommending that the trial court grant appellee's motion to modify and designate him the residential parent. Appellant filed objections to the magistrate's decision, and in a judgment entry dated July 13, 2001, the trial court overruled the objections and adopted the magistrate's decision in its entirety.
From this decision, appellant filed a timely notice of appeal with this court. She now presents the following three assignments of error for our consideration:
 "[1.] The judgment of the lower court is in conflict with the application of Ohio revised code section 3109.04[.]
 "[2.] The lower court incorrectly applied the balancing test in 3109.04 of the Ohio Revised Code[.]
 "[3.] The lower court erred in not allowing the in camera interview of the children[.]"
Appellant's first two assignments of error are interrelated and will be considered in a consolidated manner. Essentially, appellant argues that there was no change in circumstances justifying a modification of custody, and even if there were, the trial court incorrectly found that a modification of custody would be in the best interest of the children.
R.C. 3109.04(E)(1)(a) governs motions to modify prior decrees allocating parental rights and responsibilities. It provides:
 "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
Accordingly, in order for a trial court to modify a prior child custody decree, the party requesting the modification must demonstrate the following: (1) a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree; (2) the requested modification is necessary to serve the best interest of the child; and (3) one of the three scenarios described in R.C. 3109.04(E)(1)(a)(i) through (iii) is applicable. Rowe v. Rowe
(Dec. 17, 1999), 11th Dist. App. Nos. 98-L-073 and 98-L-163, 1999 Ohio App. LEXIS 6122, at 6.
Because the trial court has broad discretion in allocating the custody of minor children, such decisions will not be overturned absent an abuse of discretion. Davis v. Flickinger, 77 Ohio St.3d 415, paragraph one of the syllabus, 1997-Ohio-260. Furthermore, "[o]nce a trial court either grants or denies a motion for the modification of a prior child custody order, a reviewing court will sustain that judgment if there is any competent, credible evidence to support it." Rowe at 9.
Turning to the first issue, "[i]n determining whether a change in circumstances has occurred so as to warrant a change in custody, a trial judge, as the trier of fact, must be given wide latitude to consider all issues which support such a change." Davis at paragraph two of the syllabus. "The `change in circumstances' need not be substantial; rather, `the change must be a change of substance, not a slight or inconsequential change.'" Basinger v. Basinger (Apr. 30, 1999), 11th Dist. App. No. 98-T-0080, 1999 Ohio App. LEXIS 2017, at 6-7, quotingDavis at 418.
Here, evidence was introduced showing that appellant had been cited for driving under the influence in February 2000. Four months later, appellant tested positive for cocaine, and her driver's license was suspended for three years. Nevertheless, despite not having any driving privileges, appellant admittedly continued to drive, sometimes with the children in the car.
The magistrate also found that appellant had been unable to get the youngest child, Logan, to school consistently on time. The evidence revealed that Logan had been tardy eight times and absent nine times during the 1997/1998 school year. In 1998/1999, Logan was late nineteen times and absent seven times. These numbers increased to sixty-three tardys and nine absences during the 1999/2000 school year. Finally, from September 8, 2000, to February 8, 2001, Logan was either absent or tardy twenty-five times.
Moreover, appellant also had trouble controlling the parties' oldest child, Anthony. In fact, on one occasion during the spring of 2000, appellant called appellee and asked him to pick Anthony up. When appellee arrived at appellant's home, appellant told him that Anthony, who had been diagnosed with bi-polar manic depression with anxiety and mood disorder, had been fighting, and that she could "not handle" him anymore.
From this evidence, the magistrate concluded, and the trial court agreed, that there had been a change in circumstances since the initial decree allocating parental rights and responsibilities had been issued. Based on our review of the record, we cannot say that the trial court abused its discretion in finding a change in circumstances sufficient to warrant a change of custody. There was evidence of at least two incidents of substance abuse in the year prior to the February 2001 magistrate's hearing. Appellant had been driving without a license, had difficulty in getting Logan to school on time, and was having increasing trouble disciplining Anthony. Accordingly, appellant's first assignment of error is not well-taken.
Next, we must determine whether the trial court properly concluded that a modification of the shared parenting plan was in the best interest of the children. R.C. 3109.04(F)(1) provides that in determining the best interest of a child, the trial court must consider all relevant factors, including but not limited to the following:
 "(a) The wishes of the child's parents regarding the child's care;
 "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 "(d) The child's adjustment to the child's home, school, and community;
 "(e) The mental and physical health of all persons involved in the situation;
 "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
Generally speaking, "the best interest of the child is the paramount concern in any child custody case[.]" Rowe at 7. And, "in the absence of any indication to the contrary, [this court] will assume that the trial court considered all of the relevant factors" which must be reviewed in determining the bests interest of a child. Sickinger v. Sickinger (Apr. 5, 1996), 11th Dist. App. No. 95-A-0046, 1996 Ohio App. LEXIS 1428, at 11.
The magistrate's decision clearly shows that she fully considered the factors under R.C. 3109.04(F)(1). Specifically, the magistrate noted that there was no evidence appellant had denied appellee his visitation and companionship rights. In fact, the magistrate found that appellant actually had taken efforts to accommodate appellee's work schedule. Also, there was evidence that the two children had good relationships with both parties and with appellee's girlfriend. Although there was little similar evidence provided as to appellant's community, the boys appeared to be well adjusted to the community appellee lived in.
Having said that, the magistrate was clearly concerned about appellant's conduct. In particular, the evidence indicated that appellant continued to drive without a valid drivers' license. Furthermore, while she denied having a problem with alcohol or cocaine, appellant admitted that she had used alcohol in the past when upset, and that she continues to drink. More importantly, the evidence showed that appellant had been having trouble controlling Anthony, and that Logan's attendance record at school was progressively declining. As a result, because there is some competent, credible evidence to support the trial court's judgment, appellant's second assignment of error has no merit.
In her third and final assignment of error, appellant argues that the trial court abused its discretion in not allowing Anthony and Logan to testify at the hearing. We disagree.
During the hearing, appellant, who was representing herself, attempted to call Logan as a witness. When appellee objected, the magistrate advised appellant that if she would like, she would conduct an in camera interview of the child. The magistrate then went through a detailed description of the in camera interview process. When she completed her explanation, the magistrate asked appellant if she objected to an in camera interview:
 "THE COURT: So do you are you saying you do or you don't have an objection to an in camera? I mean
 "MS. BENDER [appellee's attorney]: I don't have an objection to an in camera. I definitely have an objection to making the child testify in front of (inaudible).
 "THE COURT: Okay. So do you have an objection to proceeding as an in camera, as opposed to calling him as a witness?
"MS. PICKETT [appellant]: (Inaudible.)
 "THE COURT: Okay. So in the future, just so I'm clear, you want the Court to conduct an in cameral interview of Logan; is that what you're saying?
"MS. PICKETT: No. Cancel it all.
"THE COURT: Cancel it all, okay. * * *"
The preceding discussion clearly shows appellant had the opportunity for the magistrate to conduct an in camera interview with Logan. However, appellant inexplicably declined the offer. If appellant was unsure about the procedure, as she now claims, it was incumbent upon her to notify the magistrate about her confusion. Appellant's third assignment of error has no merit.
Based on the foregoing analysis, appellant's three assignments of error are not well-taken. The judgment of the trial court, therefore, is affirmed.
WILLIAM M. O'NEILL, P.J., ROBERT A. NADER, J., concur.